## INSURANCE CO. OF NORTH AMERICA v. SOUTHERN TRANSPORTATION CO. et al.

### THE BATHGATE.

Circuit Court of Appeals, Third Circuit.
December 21, 1927.

Rehearing Denied February 16, 1928.

### No. 3675.

Shipping ☞207—Owner of tug, towing barge under contract of affreightment, held exempted by Harter Act from damages caused by faulty navigation (46 USCA §§ 190–195).

Owner of seaworthy tug, towing it under a contract of affreightment, *held* exempt by the Harter Act (46 USCA §§ 190–195; Comp. St. §§ 8029–8035) from liability for loss of cargo on board barge by faulty navigation of those in charge of tug.

Appeal from the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, District Judge.

Libel by the Insurance Company of North America against the Southern Transportation Company, owner of the tug Bathgate. From a decree dismissing the libel (19 F.[2d] 663), libelant appeals. Affirmed.

Kirlin, Woolsey, Campbell, Hickox & Keating, of New York City, and Lewis, Adler & Laws, of Philadelphia, Pa. (Francis S. Laws, of Philadelphia, Pa., and Robert S. Erskine, of New York City, of counsel), for appellant.

Acker, Manning & Brown, of Philadelphia, Pa. (Everett H. Brown, Jr., of Philadelphia, Pa., of counsel), for appellees.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. In the court below the Insurance Company of North America filed a libel against the tug Bathgate and the Southern Transportation Company, its owner, to recover damages for loss of a cargo of coal on board the barge Tenas, in tow of said tug, which loss it had paid the owners and become subrogated to their rights. The alleged grounds of recovery were unseaworthiness of the tug and its negligent navigation. The defenses were

that the tug was seaworthy and properly navigated, and that by virtue of the Harter Act (46 USCA §§ 190–195; Comp. St. §§ 8029–8035) the tug's owner was not answerable for faults, if such there were, on the part of those navigating it. On hearing, the trial court found the tug seaworthy, and that the exemption of the tug from liability afforded the tug by the Harter Act extended to the barge. From a decree dismissing the libel, the insurance company took this appeal.

The pertinent facts of the case are as follows: The coal was shipped at Hampton Roads for Boston under a charter between the owner of the coal and the Southern Transportation Company which owned both the Bathgate, the tug, and the Tenas, the barge. The charter provided as recited in the margin.[1] The bill of lading provided: "This shipment is subject to all the terms and provisions of, and all the exemptions from liability contained in, the act of Congress of the United States relating to navigation, etc., approved on the thirteenth day of February, 1893." In due course the Ambrose and Fire Island light vessels were reached, and a course was shaped east by north one-half north for the Montauk whistling buoy. The fog, which was heavy, continued to grow thicker, and soundings were taken from time to time. Montauk Point was passed about 10 o'clock at night, and the course was then changed to east, in order to pass southward of Block Island. Soundings continued to be made, and when shallow water was found the course was changed to east one-half. Later the soundings indicated 4½ fathoms, and immediately the tug and barge struck near Southwest Point, Block Island, and the part of her cargo sued for was lost.

With the finding of fact by the court below that the tug was properly equipped and seaworthy we agree, and for the purposes of the case we will assume, as found by the court below, that the loss was occasioned by the fault of those navigating the tug. This brings us to the question, decisive of the case, whether the Southern Transportation Company and the seaworthy tug Bathgate—the tug and the barge in its tow both being owned by the first-named company—are by the Harter Act exempted from liability for the loss of the barge's cargo caused by the faulty navigation of those in charge of the tug. If the case of Sacramento, etc., v. Salz, 273 U. S. 326, 47 S. Ct. 368, 71 L. Ed. 663, 1927 A. M. C. 397, applies, this question must be answered in the affirmative. We are of opinion it does. In that case it was said: "Here, while there was towage service, the contract actually made with respondent was not to tow a vessel, but to transport goods, and plainly that contract was a contract of affreightment."

Such is also the case before us. The charter was for "the freighting and chartering of the whole barge * * * to the charterer for a voyage from * * * Hampton Roads * * * to Boston. * * * The charterer agrees to provide and furnish to the barge a full and complete cargo * * * and to pay the owner for the use of the barge during the said voyage $1.00 per ton 2240 lbs. * * * Freight is payable in full, without any deduction whatever on delivery of cargo in barge alongside dock or wharf at destination."

It is contended, the present case being in rem and the cited case in personam, the Bathgate being privately owned and not a public common carrier, and that the charter provided for additional rates for different variations, make the cited case inapplicable. We cannot agree with these contentions, for to us the present situation is in substance the same as that before the Supreme Court in the Sacramento Case. So holding, it is not necessary to discuss the other contentions made in the case.

The decree below is affirmed.

---

[1] It is agreed that this chapter party and all shipments hereunder are subject to the provisions of and exemptions from liability contained in the Act of Congress of the United States approved February 13, 1893, entitled 'An act relating to the navigation of vessels, etc.,' and the supplements thereto, which provisions and exemptions shall extend to and govern the liability of the barge and/or tug and/or owners to the cargo loaded on the barge and/or to the owners of the said cargo. The owner shall exercise due diligence to make the tug and/or barge tight, staunch, strong, and seaworthy, and the owner, tug, and/or barge shall not be liable for any loss or damage to cargo occasioned by any defects whatsoever, in hull, machinery, and/or equipment of tug and/or barge, whether such defects existed before the commencement of, or arose or developed during, the voyage, provided all reasonable means have been taken to make the tug and/or barge seaworthy."